# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KATHERINE M. WINTERS,**

**Plaintiff,**

**v.**                                                                        **CIVIL ACTION**

**No.  10-2181-JAR-DJW**

**DON JORDAN,**
**Kansas Social Rehabilitation**
**Services Director, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Stay Discovery (doc. 36) ("Motion to Stay") filed by Defendants State of Kansas, Vicki Buening, and Don Hymer ("Movants").  Movants ask the Court to stay all discovery and other Rule 26 pretrial proceedings, including the Rule 26(f) planning conference, scheduling conference, and Rule 26 disclosures, until such time as the Court has ruled on Movants' joint Motion to Dismiss (doc. 34).

No party has filed any opposition to the Motion to Stay.  The Court could therefore grant the motion as uncontested.[1]  Given the nature of the relief requested, however, the Court will consider the motion on its merits.

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[2]  As a general rule, this Court does not favor staying pretrial proceedings

---

[1]Pursuant to D. Kan. Rule 7.4, if a party fails to file a response to a motion within the time required, the Court may consider the motion uncontested and grant it without further notice.

[2]*Yeahquo v. City of Lawrence*, No. 07-4097-RDR, 2007 WL 3046538, at *1 (D. Kan. Oct. 17, 2007); *Gonzalez v. Pepsico, Inc.*, No. 06-2163-KHV, 2007 WL 1100204, at *1 (D. Kan. Apr. (continued...)

even though dispositive motions are pending.[3]   The Court, however, makes an exception to this rule

when the party requesting the stay has filed a dispositive motion asserting absolute or qualified

immunity.[4]

In the Movants' joint Motion to Dismiss, the State of Kansas asserts that Plaintiff's claims

against it are barred by Eleventh Amendment immunity.   In addition, Don Hymer asserts that

Plaintiff's claims against him are barred by absolute prosecutorial immunity.   He also asserts that

to the extent Plaintiff is suing him in his official capacity, the suit is barred by Eleventh Amendment

Immunity.   Vicki Buening also asserts a similar Eleventh Amendment defense in the Motion to

Dismiss.

Both Eleventh Amendment immunity and prosecutorial immunity provide absolute immunity

from suit.[5]   The Supreme Court has held that "[o]ne of the purposes of immunity, absolute or

qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands

---

[2](...continued)
11, 2007).

[3]*Yeahquo,* at *1; *Gonzalez,* 2007 WL 1100204, at *1; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[4]*Alpine Atl. Asset Mgmt. AG v. Comstock*, No. 07-2595-JWL-DJW, 2008 WL 618627, at *1 (D. Kan. Mar. 3, 2008) (citations omitted); *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist*. No. 202, No. 05-2522-CM-DJW, 2006 WL 681124, at *1 (D. Kan. Mar. 14, 2006) (citations omitted)".

[5]*Mink v. Suthers*, 482 F.3d 1244,1258 (10th Cir. 2007) (prosecutorial immunity is absolute, i.e., "a complete bar to a suit for damages under 42 U.S.C. § 1983") (citing *Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13 (1976)); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) (absent unmistakable waiver by the state of its Eleventh Amendment immunity or an unmistakable abrogation of  immunity by Congress, the eleventh amendment provides absolute immunity from suit in federal court) (citation omitted).

customarily imposed upon those defending a long drawn out lawsuit."[6]  Because immunity is an

immunity from suit and not a mere defense to liability, "the immunity is effectively lost if a case is

erroneously permitted to proceed to trial."[7]

In this case, Movants have asserted Eleventh Amendment and/or prosecutorial immunity as

a basis for dismissing this action against them.  The Court therefore finds they are entitled to a stay

pending a ruling on their Motion to Dismiss.[8]  Furthermore, the Court finds that a stay would strike

a proper balance between conserving resources and providing Plaintiff access to the courts.[9]

To prevent the case from going forward in a piecemeal fashion against the remaining

Defendants, the Court finds that a stay as to the other Defendants is also warranted.  The Federal

Rules of Civil Procedure give the Court considerable discretion to manage the discovery process in

a way that promotes the "just, speedy, and inexpensive determination of every action."[10]  The Court

believes that it would be in the interest of judicial economy to stay pretrial proceedings as to all

Defendants.

---

[6]*See Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[7]*Id*. (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

[8]*See Caputo v. Rio Rancho Police Dept*., No. CIV 05-321 JB/DJS, 2006 WL 4063018, at *1-2 (D. N.M. June 30, 2006) (granting motion to stay where defendant asserted prosecutorial immunity as basis for dismissal); *Howse v. Atkinson*, No. 04-2341-GTV-DJW, 2005 WL 994572, at *2 (D. Kan., April 27, 2005) (granting motion to stay where defendants asserted Eleventh Amendment immunity and qualified immunity as grounds for dismissal).

[9]*See Mayberry v. Envtl. Protection Agency*, No. 06-2575-CM-DJW, 2008 WL 104208, at *1 (Jan. 9, 2008) (entering a stay pending ruling on motion to dismiss after balancing the need to conserve resources against plaintiff's need for accessing the courts).

[10]*See* Fed. R. Civ. P. 1.

In light of the foregoing, the Court grants Movants' Motion to Stay. All discovery and Rule 26 pretrial proceedings, including the parties' planning conference, scheduling conference, and Rule 26 disclosures, are hereby stayed until the Court has ruled on the pending Motion to Dismiss (doc. 34) filed by Movants. The Court recognizes that Plaintiff has requested an extension of time to file an amended complaint (doc. 51). The Court wishes to make it clear that, at this time, the stay does not apply to that motion and any related briefing, to amendment of the Complaint, or to briefing on any of the Motions to Dismiss filed in this case.

**IT IS THEREFORE ORDERED** that Defendant State of Kansas, Vicki Buening and Don Hymer's Motion to Stay (doc. 36) is granted as set forth above.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 28th day of June, 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and pro se parties